FILED
CLERK
12:46 pm, Jun 18, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
SCOTT TOLCHIN and HEIDI TOLCHIN,

                     Plaintiffs,

    -against-

COUNTY OF NASSAU, NASSAU COUNTY
POLICE DEPARTMENT, DETECTIVE
ROBIN ARCHIBOLD, in her individual capacity,
POLICE OFFICERS JOHN DOE 1 THROUGH
JOHN DOE 10, THE OFFICE OF THE
DISTRICT ATTORNEY OF NASSAU COUNTY,

                     Defendants.
----------------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
16-cv-1134 (ADS) (SIL)

**APPEARANCES:**

**Marcotte & Associates, P.C.**
*Attorney for the Plaintiffs*
108 New South Road
Hicksville, New York 11801
      By:    William K. Joseph, Esq., of Counsel

**Nassau County Attorney's Office**
*Attorney for the Defendants*
One West Street
Mineola, New York 11501
      By:    Liora M. Ben-Sorek, Deputy County Attorney

**SPATT, District Judge.**

       Plaintiffs Scott Tolchin ("Tolchin") and Heidi Tolchin (collectively, the "Plaintiffs") commenced this action against the Defendants alleging various violations of their rights under federal and state law. Currently before the Court is the Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process, and under Rule 12(b)(6) for failure to state a claim upon which relief can be

granted. *See* Motion, Docket No. ("DE") 19. For the reasons set forth herein, the motion to dismiss pursuant to Rule 12(b)(5) is granted, and the case dismissed.

## I. BACKGROUND

### A. Factual Allegations

The facts are taken from the complaint, *see* Complaint ("Comp."), DE 1, and are assumed to be true for purposes of this motion. Plaintiff Scott Tolchin and his wife, Heidi Tolchin, allege that on March 8, 2013, they were hosting a party for their 14-year old daughter at their home in Merrick, New York. As the party was winding down, a confrontation occurred between Scott Tolchin and Defendant Robin Archbold, an off-duty Nassau County police Detective who lived in the neighborhood but was unknown to Tolchin prior to this incident. Tolchin alleges that Archbold approached several of the children outside the house, was very upset, was ranting and slurring her words, and was yelling at the children. After Tolchin advised her that he believed she was intoxicated, Archbold "lunged" at him. Tolchin alleges that due to his visual disability he put an arm out to block Archbold, but she ended up on his chest at which point he wrapped his arm around her putting her in a headlock, and then immediately let go. When Archbold resumed ranting at Tolchin, he advised her to go home and call the police, if she wanted, to which she responded "I am the police." Compl. at ¶23. Tolchin claims that Archbold never identified herself as a detective or police officer during the incident. Moreover, Archbold was not in uniform and did not wear a badge.

Thirty minutes later, two police officers arrived at the Plaintiffs' home. They interviewed Archbold for 30 minutes, then spoke to Tolchin for approximately 10 minutes. During this questioning, Tolchin stated "I was wrong. I shouldn't have put her in a headlock. I reacted poorly to her. I got nervous. I know what I did was wrong. I should not have put my hands on her."

Compl. at ¶ 27. The officers placed him under arrest, handcuffed him, and put him in a police car for transport to the precinct.

Upon entering the seventh precinct station house, the officers led Tolchin up a poorly lit stairway where he fell and sustained six fractured ribs. He was held in custody, and after requesting medical attention, received treatment for his injuries at a hospital.

Tolchin was charged with assault in the second degree, causing physical injury to a police officer, and strangulation in the second degree, both class D felonies. On or about April 25, 2014, after a trial he was found not guilty of the charges.

**B. Procedural History**

The Plaintiffs commenced their action by filing a complaint with a proposed summons on March 7, 2016. The complaint alleges state and federal claims including, *inter alia,* claims for false arrest, false imprisonment, excessive force, and malicious prosecution. Aside from being a named plaintiff, the only allegations regarding Heidi Tolchin are that she is Tolchin's wife and that she was co-hosting the birthday party. The Plaintiffs do not allege that Heidi Tolchin was present during the dispute with the Defendants, and the claims do not assert any harm suffered by her.

On March 11, 2016, the Clerk's Office rejected the Plaintiffs' proposed summons. The Plaintiffs failed to take any action after the rejection of their summons and the case remained dormant for over seven months.

On October 19, 2016, District Judge Leonard D. Wexler issued an electronic order for a status report, noting that there had been no action taken since the inception of the case and directing the Plaintiffs to provide a status report or risk closure of the case for failure to prosecute. The Plaintiffs' counsel, Louis Chisari, responded to the order by letter dated October 26, 2016. *See* Letter, DE 6. In that letter, Chisari stated that upon receipt of the first rejection of

the proposed summons in March 2016, he had assigned a staff member to correct and re-submit it. It was only upon receipt of the status report order that he learned that no corrected summons had been filed. He promised that upon issuance of the summons, his office "will have the 'Summons and Verified Complaint' expeditiously served upon the named Defendant(s)." *Id.*

After two additional failed attempts at providing a proposed summons, counsel filed a proposed summons on October 27, 2016 that was accepted by the Clerk's Office on October 28, 2016. Despite this action by the Clerk's Office, of which Chisari was notified by ECF, no action was taken by the Plaintiffs' counsel to effect service of the summons and complaint.

On July 19, 2017, more than eight months after the proposed summons was accepted and more than sixteen months after the case was initially filed, Judge Wexler issued an order for the Plaintiffs to appear and show cause why an order dismissing the case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure should not be issued. *See* Order to Show Cause of July 19, 2017, DE 9. On the return date of July 27, 2017, Chisari appeared and represented to chambers staff that service had been completed the previous day. On August 11, 2017, the Plaintiffs filed affidavits of service indicating that service was effected on the Defendants on July 28, 2017. *See* Affidavits, DE 11-13.

On August 22, 2017, the Defendants requested a premotion conference, or alternatively, a briefing schedule, for their proposed motion to dismiss for failure to timely serve and failure to state a claim. *See* Letter, DE 15. By letter dated August 28, 2017, the Plaintiffs stated that Judge Wexler had "heard arguments and indicated that service needed to be completed forthwith" and suggested that there was no issue of timely service under Rule 4(m). *See* Letter, DE 16. On August 29, 2017, Judge Wexler issued an electronic order to "clarify the record," noting that "the Court did not hear argument on 7/27/17, nor did it make any ruling regarding whether or not

4

plaintiffs had established good cause for an extension to time to serve under Rule 4(m)." *See* Elec. Order of 8/29/17. The Defendants counsel sought and received permission to file their motion to dismiss, which is presently before the Court. This matter was re-assigned to the undersigned on April 6, 2018.

In their opposition papers, the Plaintiffs concede that their state law claims are barred by the applicable statutes of limitations. They further concede that the Defendants Nassau County Police Department and Nassau County District Attorney's Office are non-suable entities. Accordingly, the state law claims are dismissed with prejudice, as are any claims against the Nassau County Police Department and Nassau County District Attorney's Office defendants.

## II. DISCUSSION

### A. Legal Standards

The proper vehicle for challenging the lack of viable service is a motion pursuant to Rule 12(b)(5). *See Cincotta v. Hempstead Union Free Sch. Dist.,* 15-cv-4821, 2016 WL 4536873, at *6 (E.D.N.Y. Aug. 30, 2016). As the 90 day time limit set forth in Rule 4(m) has expired, the Defendants' motion is not premature. *Id.*

Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). A party seeking an extension for good cause "bears a heavy burden of proof." *Naglieri v. Valley Stream Cent. High Sch. Dist.,* No. 05 Civ. 1989, 2006 WL 1582144, at *3 (E.D.N.Y. May 26, 2006). Courts in this Circuit determining good cause look to (1) the diligence and reasonableness of the plaintiff's efforts to serve, and (2) prejudice to the defendants from the delay. *See Walters v. Suffolk Cnty.,* No. 09-

CV-556, 2014 WL 940734, at *3 (E.D.N.Y. Mar. 11, 2014); *Visco v. Brentwood Union Free Sch. Dist.,* 991 F. Supp. 2d 426, 432 (E.D.N.Y. 2014).

In the absence of good cause, an extension may still be granted at the court's discretion. In this Circuit, "a district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York,* 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original).

### B. Good Cause

"In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp.*, Inc., 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). Generally, good cause is found "only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown, N.Y.,* 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013) (internal quotation marks and citations omitted). The Second Circuit has indicated that "before [it] will even consider vacating a Rule 4(m) dismissal . . . the plaintiff must ordinarily advance some colorable excuse for neglect." *Zapata,* 502 F.3d at 198 (citing *Bogle-Assegai v. Connecticut,* 470 F.3d 498, 509 (2d Cir. 2006)). Here, the Court finds that none of the excuses provided by Plaintiffs rise to the level of good cause excusing their failure to timely serve.

Attorney Chisari has submitted a declaration in support of the Plaintiff's opposition to the motion to dismiss in which he tries to explain the reasons behind the large lapses in time. *See* Declaration of Louis F. Chisari ("Chisari Decl."), DE 25. Instead of justifying the delay, however, this submission serves to highlight the complete lack of diligence exercised by counsel.

The first, seven-month long, period of inactivity lasted from the date the complaint was filed on March 7, 2016 until Judge Wexler issued the status report order on October 20, 2016. Chisari acknowledges that shortly after the complaint was filed, the Clerk's Office rejected the proposed summons. He claims that he assigned the task of correcting the summons to some unknown person at his office, but, "unknown to me, this was not done by my staff." Chisari Decl. at ¶6. Plaintiffs have not submitted any declaration from the alleged unidentified person Chisari blames for the oversight explaining what might have caused his or her failure act. In addition, Chisari offers no reason why he did not supervise the staff or why he failed to realize that the case did not progress at any point over the ensuing seven months.

The second period of inactivity lasted almost nine additional months, from October 28, 2016 when the Clerk's Office issued the summons until Judge Wexler issued the order to show cause on July 19, 2017. Chisari acknowledges that the summons was issued by the clerk and states that he "had made a notation on the file to send the summons and the complaint to the process server for service of process." Chisari Decl. at ¶10. Despite counsel's prior representation that he would "expeditiously" effect service, he did not do so. Instead, after almost two weeks after the summons was issued had passed with no action by Chisari, he suffered an unanticipated medical event. Chisari states that on November 10, 2016, he "underwent a surgical procedure that greatly inhibited my ability to perform simple tasks, such as driving, and [] was forced to take an unplanned leave of absence from the office." *Id.* at ¶11. He did not return to the office until the beginning of January 2017. *Id.* at ¶12. During his absence, Chisari claims that there was no one in his office familiar with the file, and that since the case was not "calendared" for any matters, it was filed away. *Id.* at ¶¶12-13. However, Chisari offers no reason why he failed to follow up on this matter upon his return.

According to Chisari, the file remained in the file room until receipt of Judge Wexler's order to show cause was issued on July 19, 2017. Upon receiving that order, Chisari "immediately pulled the file and realized that the summons and complaint had in fact not been served, and began to pull the necessary paperwork to have the summons and complaint served." Chisari Decl. at ¶16. He offers no reason why the papers were not served for an additional nine days after receipt of Judge Wexler's order to show cause.

The excuses put forth by the Plaintiffs constitute nothing more than repeated incidents of law office failure. Mere inadvertence, delay, or mistake by counsel does not constitute good cause requiring the court to grant an extension of time in which to serve. *See, e.g., Alsaidi v. City of New York,* No. 12-CV-5771, 2013 WL 4052880, at *4 (E.D.N.Y. Aug. 12, 2013); *Abreu v. City of New York,* 657 F. Supp. 2d 357, 362 (E.D.N.Y. 2009). Chisari's unspecified medical event in November 2016 is the only justification offered that could arguably be considered a circumstance beyond the Plaintiffs' control. That incident, however, cannot excuse counsel's prior lack of attention to his responsibilities, or the lack of activity that continued for over seven months *after* he returned to the office. Accordingly, the Court finds that the Plaintiffs have failed to demonstrate good cause and turns to the question of whether it should, in the exercise of its discretion, grant an extension regardless of this failure.

**C. Discretionary Extension in the Absence of Good Cause**

The Court considers the following factors when deciding whether to exercise such discretion: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; (4) whether the defendant would be prejudiced" by extending the time for service. *Jordan v. Forfeiture Assocs.,* 928 F. Supp. 2d

588, 598 (E.D.N.Y. 2013) (quoting *Carroll v.Certified Moving & Storage Co.,* No. 04-cv-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005)). There is no claim here that any defendant took an action to conceal the Plaintiffs' failure to complete service. Accordingly, this factor does not bear any weight in this analysis.

    1.  Statute of Limitations

As discussed above, the Plaintiffs have conceded that their state law claims were untimely when this action was commenced, and those claims will be dismissed with prejudice.

The impact of the dismissal of the Plaintiffs' federal claims is clear. The claims filed pursuant to §1983 are subject to a three-year statute of limitations. Although dismissal of those claims is without prejudice to commencement of a new action, the Plaintiffs' federal claims are now time-barred as well, as the Plaintiffs also concede. *See* Plaintiffs' Memorandum of Law in Opposition at 4, DE 23. Thus, it is beyond dispute that the Plaintiffs will be prejudiced should the Court decline to exercise its discretion. While this fact generally favors a plaintiff, "it does not guarantee an extension for every case that may be time-barred if refiled." *Alvarado v. Am. Freightways, Inc.,* No. 04 Civ. 9536, 2005 WL 146783, at *6 (S.D.N.Y. June 21, 2005).

    2.  Actual Notice and Prejudice to Defendants

The Plaintiffs argue that the Defendants were on notice of the claims against them because of a Notice of Claim filed by them on or about July 3, 2014. The Notice of Claim is brought against the County of Nassau, Nassau County Police Dept. and Office of the District Attorney for Nassau County and describes the nature of the claims as false arrest, false imprisonment, malicious prosecution, excessive force, and negligent supervision. *See* Notice of Claim, Ex. C to Declaration of Liora M. Ben-Sorek, DE 20-3. It does not identify any individual actors.

While Defendant Nassau County may have been on notice of the general substance of Plaintiffs' claims by the Notice of Claim, the same cannot be said of the individual Defendants. The complaint names Archbold, the off-duty officer/neighbor, and several John Doe police officers who have not yet been identified let alone served. The Defendants note that since the Notice of Claim was filed after Tolchin's acquittal, the police department and district attorney's office records were sealed and thus defense counsel was prevented from investigating any claims or learning the identity of the officers involved. Thus, to this day, over five years after the underlying events giving rise to this case, the individual John Doe police officers have had no notice of the claims against them.

The Defendants argue that they would be prejudiced if the Plaintiffs were permitted to litigate their case beyond the now-expired statute of limitations. The Court agrees that the Defendants overall would suffer some prejudice, and that the individual, as yet unidentified John Doe defendants have been deprived of actual notice of the claims against them. However, any prejudice against Nassau County is slight.

### 3. Denial of Discretionary Extension

Having weighed the factors, the Court, in an exercise of its discretion, declines to grant an extension. Both parties will suffer some prejudice in the event the motion is decided against them, but the effect on the Plaintiffs is greater as they will ultimately be barred from litigating their claims. A tipping of the balance of hardships towards the Plaintiffs does not, however, mandate that the Court exercise its discretion in their favor. As other courts in this District have noted, the Second Circuit has clearly stated that "that even if the balance of hardships favors the plaintiff, a district court may still decline to excuse a failure to timely serve the summons and

complaint where the plaintiff fails to advance some colorable excuse for neglect." *Vaher*, 916 F. Supp. 2d at 421 (citing *Zapata,* 502 F.3d at 198 & n.7). This is such a case.

There has been an absolute lack of any justifiable excuse advanced for the multiple failures to timely serve. Even if the Court were to overlook the lack of excuse for the first period of neglect lasting seven months, the subsequent, baseless period of almost nine months is even more egregious. Counsel had notice of the first lapse by way of the status report order issued by the Court in October 2016, and affirmatively represented that he would "expeditiously" complete service. Instead, he continued his disregard for deadlines and failed to prosecute the matter in the most elemental matter – serving the Defendants. Taken together, a delay of over 16 ½ months without the presentation of any colorable excuse cannot be countenanced. The Court is keenly aware that the Plaintiffs' claims of violations of their constitutional rights are likely foreclosed by this decision, but finds that principles of fairness to all parties and principles of judicial efficiency warrant a dismissal.

The Court declines to exercise its discretion and extend the time for service of the summons and complaint. Accordingly, the Defendants' motion to dismiss for failure to timely serve is granted. In light of this decision, the Court declines to address that portion of the Defendants' motion seeking dismissal for failure to state a claim. The Court further notes that although the dismissal of the federal claims is without prejudice, it seems clear that any re-filing of the claims would be time-barred absent some showing of grounds for equitable tolling of the statute of limitations, "which, based on the current record, seems a near-impossibility." *Alsaidi,* 2013 WL 4052880, at *5 n.10.

### III. CONCLUSION

Based on the foregoing, the Defendants' motion to dismiss pursuant to Rule 12(b)(5) is granted.  This dismissal is without prejudice as to the federal claims; the state laws claims are dismissed with prejudice.  The Clerk of the Court is respectfully directed to close the case.

**SO ORDERED.**

  /s/ Arthur D. Spatt_____
ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE

Dated:  Central Islip, New York
        June 18, 2018